1
2  Amy L. B. Ginsburg (275805)
   Kimmel & Silverman, P.C.
3  30 East Butler Pike
   Ambler, PA 19002
4  Telephone: 215-540-8888
   Facsimile: 215-540-8817
5  aginsburg@creditlaw.com
6  Attorney for Plaintiff
7

8              UNITED STATES DISTRICT COURT
        FOR THE CENTRAL DISTRICT OF CALIFORNIA
9

10                          )  **Case No.:**
   **STACEY JOHNSON,**      )
11                          )  **COMPLAINT FOR DAMAGES**
                Plaintiff,  )  **VIOLATION OF THE**
12                          )  **TELEPHONE CONSUMER**
        v.                  )  **PROTECTION ACT, 47 U.S.C.**
13                          )  **§227 ET. SEQ.**
   **LᴏᴀɴMᴇ, INC.**         )
14                          )  **JURY TRIAL DEMANDED**
                Defendant.  )
15 ─────────────────────────)
16

17                    **COMPLAINT**

18       STACEY JOHNSON ("Plaintiff"), by and through her attorneys, KIMMEL
19
   & SILVERMAN, P.C., alleges the following against LᴏᴀɴMᴇ, INC.
20
21 ("DEFENDANT"):

22                    **INTRODUCTION**
23

24       1.    Plaintiff's Complaint is based on the Telephone Consumer Protection
25 Act ("TCPA"), 47 U.S.C. §227.
26

27                         - 1 -
28

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.     Plaintiff is a natural person residing in Pomona, California 91706.

7.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.     Defendant is a corporation with its principal place of business located at 1900 South State College Boulevard, Suite 300, Anaheim, California 92806.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number.

11.     Plaintiff has only used this phone as a cellular telephone.

12.     Beginning in or around March 2015 and continuing through June

PLAINTIFF'S COMPLAINT

2016, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone number.

13.     When contacting Plaintiff, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14.     Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because the calls would begin with a noticeable delay or pause before speaking to Defendant's representatives.

15.     Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an alleged account balance.

16.     Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's collectors to advise them that she no longer wanted to be contacted on her cellular telephone and to stop calling her in or around June 2015 when the calls began.

17.     Plaintiff reiterated this request throughout 2015 and 2016.

18.     Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

19.    However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone despite Plaintiff's repeated requests to stop calling.

20.    Instead, Defendant continued to call Plaintiff daily, sometimes multiple times per day.

21.    Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

22.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

24.    Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25.    Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

26.    Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

PLAINTIFF'S COMPLAINT

27.    Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual  monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

28.    Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

29.    Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

30.    Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

31.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

PLAINTIFF'S COMPLAINT

33.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STACEY JOHNSON, respectfully prays for a judgment as follows:

a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e.    Any other relief deemed appropriate by this Honorable Court.


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STACEY JOHNSON, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

Dated:  November 16, 2016          By: /s/ Amy L. Bennecoff Ginsburg

Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

- 7 -

PLAINTIFF'S COMPLAINT